IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT F. SARTORI,

    Plaintiff,

v.                                                                                           No. 15cv991 JCH-LF

STEIDER & ASSOCIATES,
P.C.,TIMOTHY D. STEIDER,
SUNWEST TRUST, INC., TERRY
WHITE, MOLLY BENCY, FRED
HERMANN, TIM STEIDER,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on plaintiff Robert F. Sartori's Motion to Strike the Answer of Steider & Associates, P.C., Timothy D. Steider and Tim Steider as Untimely (Doc. 28).[1] Defendants Tim Steider, Timothy D. Steider, and Steider & Associates, P.C. ("Steider defendants") filed a response on May 20, 2016 (Doc. 32), and Mr. Sartori filed a reply on June 6, 2016 (Doc. 39). Having reviewed the motion, response, and reply, as well as the relevant law, I find that the motion is not well taken and recommend that the Court DENY the motion.

Mr. Sartori filed his complaint on November 3, 2015 (Doc. 1) and served it on defendants Steider and Associates, P.C. and Timothy D. Steider on January 29, 2016, *see* Docs. 19, 20. He then filed an amended complaint against all defendants on February 18, 2016 (Doc. 5), which he served on Timothy D. Steider on a date uncertain, *see* Doc. 28 at 13 (containing a blank line for

---

[1] Sunwest Trust, Inc. Director Tim Steider is the same defendant as Timothy Steider. *See* Doc. 28 at 1 n.1.

the date of service).[2]  Assuming that service was made sometime between March 18, 2016, when the process server received the summons, and March 23, 2016, when the process server signed the summons, the Steider defendants' answer was due sometime between April 1, 2016 and April 6, 2016.  *See* FED. R. CIV. P. 15(a)(3).

Due to an "email mishap," the Steider defendants' attorney, Charles Parnell, was unaware that his client, Timothy D. Steider, had been served.  Doc. 32 at 4.  Mr. Parnell contacted Mr. Sartori several times—leaving voicemails and sending a certified letter on March 18, 2016—to advise him that he would accept service of the amended complaint on behalf of the Steider defendants.  Docs. 32 at 2, 32-1.  On April 13, 2016, immediately after learning that Timothy D. Steider already had been served with the amended complaint, Mr. Parnall sent Mr. Sartori a second certified letter asking for an extension of time until April 30, 2016 to file an answer.  *See* Doc. 32-2.  Mr. Sartori did not respond to the letter requesting an extension.  Doc. 32 at 2.  The Steider defendants therefore filed their answer with affirmative defenses on April 19, 2016.  Doc. 11.

Mr. Sartori asks the Court to strike the Steider defendants' answer as untimely.  Doc. 28 at 6.  He relies on both FED. R. CIV. P. 12(a)(1)(A)(i) and FED. R. CIV. P. 12(f) in support of his motion.  *Id.* at 3.  Rule 12(a)(1)(A)(i) provides that "[a] defendant must serve an answer within 21 days after being served with the summons and complaint."  Rule 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," but Mr. Sartori does not point to any part of the Steider defendants' answer that would qualify as insufficient, redundant, immaterial, impertinent, or scandalous.  *See generally* Doc. 28.  Mr. Sartori also argues that "[t]he failure of the Steider Defendants to timely

---

[2] Mr. Sartori states that service was made on March 21, 2016.  Doc. 39 at 3.  A receipt from the courier service indicates that it served Steider & Associates on this day.  *See* Doc. 28 at 15.

plead or otherwise defend constitutes a proper basis for an entry of default under Rule 55(a)." *Id.* at 5.  Because Mr. Sartori's arguments are based entirely on the untimeliness of the Steider defendants' answer, the Court will analyze only this aspect of his motion.

The Steider defendants say that their late answer was the result of excusable neglect and ask the Court to treat their response to plaintiff's motion to strike as a motion for an extension of time under FED. R. CIV. P. 6(b).[3]  Doc. 32 at 3.  Mr. Sartori asks the Court to deny this request, arguing that the Steider defendants failed to "ask the Court for an extension of time to file their untimely Answer."  Doc. 39 at 1.  While it is true that the Steider defendants did not file a stand-alone motion under FED. R. CIV. P. 6(b), the Court nonetheless will treat the Steider defendants' response to the motion to strike as a request to extend the time period for filing an answer based on excusable neglect.  *See Trustees of the NM Pipe Trades Health and Welfare Trust Fund v. Mares Plumbing & Mech., Inc.*, No. Civ. 11-1065 WJ-RJS, Doc. 29 at 15–16 (D.N.M. June 18, 2012) (construing the response to a motion to dismiss as a request for an extension of time to answer); *see also Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 896 n.5 (1990*)* (to be treated as a motion, a postdeadline request "must contain a high degree of formality and precision, putting the opposing party on notice that a motion is at issue and that he therefore ought to respond"); *Estate of Anderson v. Denny's Inc.,* 291 F.R.D. 622, 634 (D.N.M. 2013) (construing a motion to strike as a motion for an extension of time).  The Court finds that the Steider defendants' response is both formal and precise, and that it adequately notified Mr. Sartori to respond to their arguments of excusable neglect.  The Court therefore will consider whether the Steider defendants failed to file a timely answer due to excusable neglect.

---

[3] Federal Rule of Civil Procedure 6(b) allows the Court, "for good cause, [to] extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect."

### I. Applicable Law

A defendant must serve an answer "within 21 days of being served with the summons and complaint." FED. R. CIV. P. 12(a). A defendant must answer an amended pleading "within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." FED. R. CIV. P. 15(a)(3). Extensions of time for filing are governed by FED. R. CIV. P. 6(b):

> (1) When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Thus, a party requesting a postdeadline extension must do so by motion and demonstrate that the party's failure to meet the deadline was the result of excusable neglect. *Lujan*, 497 U.S. at 896.

Excusable neglect "is a somewhat elastic concept" that allows courts "to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 388, 392 (1993). In determining whether a party's neglect is excusable, this Court considers: (1) the danger of prejudice to the opposing party, (2) the length of delay caused by the neglect and its impact on the proceedings, (3) the reason for delay and whether it was in the reasonable control of the moving party, and (4) whether the moving party acted in good faith. *United States v. Torres,* 372 F.3d 1159, 1162 (10th Cir. 2004). "[F]ault in the delay remains a very important factor—perhaps the most important single factor—in determining whether neglect is excusable." *City of Chanute, Kan. v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994).

### II. Analysis

In applying the four factors to the instant case, the Court finds they support a finding of excusable neglect.  First, there is no danger of prejudice to Mr. Sartori in allowing the Steider defendants to file a late answer.  Assuming Mr. Sartori served the Steider defendants on March 21, 2016, as he claims, their answer was due on April 4, 2016.  They filed their answer only 15 days later.  *See* Doc. 11.  Mr. Sartori argues that he will be prejudiced by "the time and expense of litigation . . . in a matter in which defendants have already defaulted."  Doc. 28 at 5.  The time and expense of litigation is insufficient to constitute prejudice, as Mr. Sartori would have been required to litigate if the Steider defendants had filed a timely answer.  *See Jetcraft Corp. v. Banpais, S.A. De C.V.*, 166 F.R.D. 483, 486 (D. Kan. 1996).

Second, the 15-day delay in the Steider defendants' filing their answer was short and has not delayed these proceedings.  Although the Court delayed setting a scheduling order, it did so because of the pending motion by the Sunwest defendants for judgment on the pleadings, not because of any delay caused by the Steider defendants.  *See* Doc. 41 (staying discovery other than initial disclosures for 45 days pending resolution of the dispositive motion).

Third, the Court finds that both parties contributed to the 15-day delay.  The Steider defendants and Mr. Parnall admit they are partially to blame because of miscommunication and an "email mishap," which resulted in Mr. Parnall being unaware that his clients had been served.  However, part of the blame also rests with Mr. Sartori for not responding to Mr. Parnell's telephonic and written communications.  The Steider defendants had no control over Mr. Sartori's failure to respond to Mr. Parnall's telephone calls and letters.  Had Mr. Sartori responded, Mr. Parnall would have realized that his clients had been served and that Mr. Sartori would not agree to Mr. Parnall's request for a short extension of time in which to answer the amended complaint.

5

Fourth, the Court finds that the Steider defendants acted in good faith.  Mr. Parnall was diligent in his attempts to accept service on behalf of the Steider defendants and in his written request for an extension to file an answer.  As stated at the hearing on June 8, 2016, the Court expects the parties to grant each other reasonable requests for extensions of time, or at least respond to communications related to such requests.  Mr. Parnall's actions make clear that he acted in good faith, not in an effort to gain some tactical advantage.

Because the factors support a finding of excusable neglect, I recommend the Court permit the late filing of the Steider defendants' answer and DENY plaintiff's motion to strike (Doc. 28).

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(C).  A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
Laura Fashing
United States Magistrate Judge