IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT F. SARTORI,

       Plaintiff,

v.                                           1:15-cv-00991-JCH-LF

STEIDER & ASSOCIATES,
P.C., TIMOTHY D. STEIDER,
SUNWEST TRUST, INC., TERRY
WHITE, MOLLY BENCY, FRED
HERMANN, TIM STEIDER,

       Defendants.

**MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS AND
ADOPTING THE MAGISRATE JUDGE'S PROPOSED FINDINGS AND
<u>RECOMMENDED DISPOSITION</u>**

THIS MATTER is before the Court on plaintiff Robert F. Sartori's objections to the

Magistrate Judge's Proposed Findings and Recommended Disposition ("PF&RD"), which were

filed on July 18, 2016.  Doc. 48.  This matter was referred to Magistrate Judge Laura Fashing to

recommend a disposition pursuant to 28 U.S.C. § 636(b).  Doc. 27.  Judge Fashing issued her

PF&RD on plaintiff's Motion to Strike the Answer of Steider & Associates, P.C., Timothy D.

Steider and Tim Steider as Untimely (Doc. 28) on June 30, 2016—recommending that the Court

permit the late filing of the Steider defendants' answer and deny plaintiff's motion to strike.

Doc. 44.  In his objections, Mr. Sartori argues that the magistrate judge erred by applying the

wrong legal standard for "excusable error," and by failing to properly analyze the facts before

finding excusable error.  Doc. 48.  Following a de novo review of these issues, I find no error in

Magistrate Judge Fashing's analysis.  I therefore overrule Mr. Sartori's objections and adopt the

magistrate judge's PF&RD.

Mr. Sartori's argues that the magistrate judge applied the wrong legal standard for

excusable neglect because she did not "determine the weight of defendants' 'neglect' before

determining whether it was 'excusable.'"  Doc. 48 at 5.  In support of this argument, Mr. Sartori

quotes at length from the dissent in *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*,

507 U.S. 380, 395 (1993).  *Id.*  A dissent is not law and, as such, does not support Mr. Sartori's

assertions.  Mr. Sartori fails to point to any legal authority showing that the magistrate judge

erred in utilizing the four factors found in *United States v. Torres*, 372 F.3d 1159 (10th Cir.

2004) to determine whether or not the Steider defendants' late filing was due to excusable

neglect.

Mr. Sartori also argues that magistrate judge erred in analyzing the facts.  First, Mr.

Sartori objects to the magistrate judge's footnote that Tim Steider and Timothy Steider are the

same defendant.  Doc. 48 at 2.  However, the fact that Mr. Sartori is suing Mr. Steider in two

different capacities does not transform him into two separate defendants.  Therefore, I find this

objection to be without merit.  Second, Mr. Sartori objects to the magistrate judge's finding that

he was partially at fault, due to his failure to respond to Mr. Parnall's telephone calls and letters.

*Id.*  Mr. Sartori argues that he did not receive Mr. Parnell's letters until after defendants had been

served, and after the time to respond had expired—however, he offers no explanation for his

failure to respond to *any* of Mr. Parnall's telephone calls or letters.  Therefore, I find no error in

the magistrate judge's finding that both parties contributed to the delay.  Third, Mr. Sartori

objects to the magistrate judge not faulting defendants' counsel for failing to obtain a copy of the

amended complaint from the Court.  Doc. 48 at 3.  Whether defendants' counsel knew that Mr.

Sartori had filed a second amended complaint, or could have obtained a copy of it, is irrelevant.

The critical issue for this motion is the date of service, as it is this date which triggered the 21-

day deadline for defendants to answer.  *See* Fed. R. Civ. P. 12(a)(1)(A)(i).  Defendants' counsel

obtaining a copy of the amended complaint from the Court would not have put him on any notice

about the deadline to answer.  Therefore, I find this objection to be without merit.  Fourth, Mr.

Sartori argues that an "email mishap" does not meet the standard for "excusable neglect."  Doc. 48 at 5.  Mr. Sartori claims that excusable neglect does not include errors "in consequence of the party's own carelessness, inattention, or willful disregard of the process of court . . . .'"  Doc. 48 at 5 (quoting *Pioneer*, 507 U.S. at 402).  However, the language Mr. Sartori quotes is from the dissent, and therefore is not law.[1]  Finally, Mr. Sartori objects to the magistrate judge's finding that he would not be unduly prejudiced by the delay.  Doc. 48 at 6.  In support of this argument, he again cites the dissent in *Pioneer*, as well as a number of out-of-circuit cases cited within that dissent.  His argument is unpersuasive.  Like the magistrate judge, I find that a 15-day delay does not unduly prejudice Mr. Sartori, and that the time and expense of litigation does not in itself constitute prejudice.  *See Jetcraft Corp. v. Banpais, S.A. De C.V.*, 166 F.R.D. 483, 486 (D. Kan. 1996).

**IT IS THEREFORE ORDERED** that the objections are overruled, and the proposed findings and recommended disposition of the magistrate judge, Doc. 44, are adopted.

**IT IS FURTHER ORDERED** that the Steider defendants' answer will be considered timely, and plaintiff's Motion to Strike the Answer of Steider & Associates, P.C., Timothy D. Steider and Tim Steider as Untimely (Doc. 28) is DENIED.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The majority in *Pioneer* held that the factors to consider for excusable neglect are:  "the danger of prejudice . . ., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 395(1993).  These are the same factors applied by the magistrate judge in this case.