IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT F. SARTORI,

    Plaintiff,

v.                                                                                              1:15-cv-00991-JCH-LF

STEIDER & ASSOCIATES,
P.C.,TIMOTHY D. STEIDER,
SUNWEST TRUST, INC., TERRY
WHITE, MOLLY BENCY, FRED
HERMANN, TIM STEIDER,

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION ON DEFENDANTS SUNWEST TRUST, INC., TERRY WHITE, MOLLY BENCY, AND FRED HERMANN'S MOTION FOR JUDGMENT ON THE PLEADINGS**

THIS MATTER is before the Court on defendants Sunwest Trust, Inc., Terry White, Molly Bency, and Fred Hermann's ("Sunwest Defendants") Motion for Judgment on the Pleadings (Doc. 16).  Plaintiff opposes the motion.  Doc. 35.  Having reviewed the relevant briefing, including defendants' reply (Doc. 37), and being otherwise fully advised, I recommend that the Court grant the motion.   I further recommend that the Court DENY as moot plaintiff Robert F. Sartori's Motion to Strike the Affirmative Defenses of Sunwest Trust, Inc., Terry White, Molly Bency and Fred Hermann (Doc. 22).

**I.  Factual Background**

The following well-pleaded facts are accepted as true for the purposes of this motion. Mr. Sartori never owed a debt to the Sunwest Defendants.  Doc. 5 ¶ 28.  Any debt incurred by Mr. Sartori was owed or due to a creditor other than the Sunwest Defendants. *Id*. ¶ 25.  Any debt incurred by Mr. Sartori and due to a creditor other than the Sunwest Defendants was for

personal, family, or household purposes.  *Id*.  Sunwest Trust sent a letter to Mr. Sartori on or about May 20, 2015, which referenced account number 10070781, and identified Sunwest Trust as an "escrow servicer."  Doc. 5 ¶ 60; Doc. 10 at 29, Exh. D.  The letter advised Mr. Sartori that Sunwest Trust had received the original real estate contract, warranty deed, and special warranty deed "into escrow."  Doc. 10 at 29, Exh. D.  The letter referenced an enclosed "Escrow Servicing Policy Statement," which "clarifie[d] the terms and conditions under which [Sunwest Trust] agree[d] to administer" the real estate contract.  *Id.*  The letter also gave Mr. Sartori instructions about how to access his "escrow account."  *Id.*  The letter was signed "Sunwest Trust, Inc.," and did not otherwise identify who was responsible for sending the letter.  *Id.*  This letter did not identify Sunwest Trust as a debt collector, did not inform Mr. Sartori of his right to dispute the debt, and did not contain a validation notice.  Doc. 5 ¶¶ 31, 32, 56, 58.  On June 15, 2015, Mr. Satori sent "defendants" a written dispute notice, demanding validation of the "alleged debt."  *Id.* ¶ 33.  The Sunwest Defendants failed to inform Mr. Sartori of his right to dispute the alleged debt, either in their initial written communication, or at any time thereafter.  *Id.* ¶ 56.  At no time did the Sunwest Defendants identify themselves as debt collectors.  *Id.* ¶ 58.

## II.     Plaintiff's Claims

On February 18, 2016, Mr. Sartori filed his first amended complaint, in which he joined the Sunwest Defendants to his action brought under the Fair Debt Collections Practice Act ("FDCPA'), 15 U.S.C. § 1692 *et seq*.  Doc. 5.  He alleges that Sunwest Trust, Inc. is a "debt collector" without further elaboration.  *Id.* ¶ 12.  He also alleges that the individual Sunwest Defendants (Terry White, Molly Bency, and Fred Hermann) are debt collectors as officers or directors of Sunwest Trust, Inc., again without further elaboration.  *Id.* ¶¶ 13, 14, 15.  Mr. Sartori

asks for monetary damages from defendants for their alleged violations of the FDCPA, and for injunctive relief. *Id.* ¶ 4.

In counts I thru IV of his complaint, Mr. Sartori alleges that Sunwest Trust and each of the individual Sunwest Defendants violated the FDCPA by failing in their initial communication (the May 20, 2015 letter) to inform him of his right to dispute the alleged debt within 30 days, as required by 15 U.S.C. § 1692g(a).[1]  Doc. 5 ¶¶ 114–25.  In count V, Mr. Sartori alleges that Tim Steider, as a "director of Sunwest Trust, Inc.," failed in his initial communication (the May 20, 2015 letter) to inform him of his right to dispute the alleged debt within 30 days," in violation of 15 U.S.C. § 1692g(a).[2]  Doc. 5 ¶¶ 126–28.

In counts VI thru IX, Mr. Sartori alleges that Sunwest Trust and each of the individual Sunwest Defendants violated the FDCPA by failing to inform him that Sunwest Trust was a debt collector, in violation of 15 U.S.C. § 1692(e)(11).  Doc. 5 ¶¶ 129–37.[3]  In count X, Mr. Sartori alleges that Tim Steider, "as director of Sunwest Trust Inc.," failed to "inform plaintiff that communications from Sunwest Trust, Inc. are from a debt collector in violation of 15 U.S.C. § 1692e(11)."  Doc. 5 ¶¶ 141–43.

In counts XI thru XIV, Mr. Sartori alleges that  Sunwest Trust and the individual Sunwest Defendants "continued collection activity by passing the alleged debt on to Timothy D. Steider and Steider Associates, P.C." after it received its request for validation, in violation of 15 U.S.C.

---

[1] Mr. Sartori erroneously states that this is a violation of 15 U.S.C. § 1692g(b).  However, the requirement that a debt collector inform a debtor of his right to dispute the validity of a debt is actually found in 15 U.S.C. 1692g(a).  *See Ditty v. CheckRite, Ltd., Inc.,* 973 F. Supp. 1320, 1328 (D. Utah 1997).

[2] Mr. Sartori erroneously states that this is a violation of 15 U.S.C. § 1692g(b).  *See supra* note 1.

[3] Count VI alleges that Sunwest Trust failed in its initial letter to inform Mr. Sartori that it was a debt collector.  Counts VII thru IX allege that the individual Sunwest Defendants failed in all communications to inform Mr. Sartori that Sunwest Trust was a debt collector.

§ 1692g(b). Doc. 5 ¶¶ 144–55. In count XV, Mr. Sartori alleges that "Tim Steider and Sunwest Trust, Inc. continued collection activity by passing the alleged debt on to Timothy D. Steider and Steider and Associates, P.C. in violation of 15 U.S.C. § 1692g(b)." Doc. 5 ¶¶ 156–58.

### III. Standard of Review

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings any time after the pleadings close so long as it is early enough not to delay the trial. FED. R. CIV. P. 12(c). Such a motion is subject to the same standard of review as a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6). *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012). Federal Rule of Civil Procedure 12(b)(6) provides for dismissal for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The Supreme Court has articulated a two-step approach for district courts to use when considering a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). First, a court must identify the adequately pleaded factual allegations contained in the complaint, disregarding any legal conclusions in the process. *Id.* at 678. While a complaint need not include detailed factual allegations, it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

Next, having identified the adequately pleaded facts, the Court "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Stated concisely, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556). In making this

determination, the court views the complaint in the light most favorable to the plaintiff.  *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013); *see also Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, PA,* 442 F.3d 1239, 1244 (10th Cir. 2006) (Court should "accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in favor of the same.").

"Rule 12(b) provides that if matters outside the complaint are presented to and not excluded by the court, then the court should treat the motion as one for summary judgment under Rule 56 and not as a motion to dismiss."  *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991) (citing FED. R. CIV. P. 12(b)).  Notwithstanding this general rule, however, "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."  *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)); *see also GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (internal citations omitted) ("[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss.").

To succeed on any of his claims against the Sunwest Defendants, Mr. Sartori must allege sufficient facts to show that Sunwest Trust is a debt collector.[4]  *See Maynard v. Cannon*, 401 F.

---

[4] Mr. Sartori's claims against the individual Sunwest Defendants, and against Tim Steider as an alleged "director of Sunwest Trust," are based entirely on the written communications sent by Sunwest Trust.  The amended complaint contains no allegations that any of the individual Sunwest Defendants, or Tim Steider, acting on behalf of Sunwest Trust, was personally involved in any debt collection activity.  *See generally* Doc. 5.  Because of this, all of Mr. Sartori's claims against the individual Sunwest Defendants and against Tim Steider as the alleged "director of

App'x 389, 393 (10th Cir. 2010) ("To prevail on a claim under the FDCPA, a plaintiff must prove that a 'debt collector['s]' effort to collect a 'debt' from a 'consumer' violated some provision of the FDCPA.")  Counts I thru V allege a violation of 15 U.S.C. §1692(g)(a), which requires **a debt collector**—either in the initial communication or within five days thereafter—to send the consumer "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."  15 U.S.C. §1692(g)(a)(3) (emphasis added).  Counts VI thru X allege a violation of 15 U.S.C. § 1692e(11), which requires a **debt collector** to disclose in both the initial communication, and all subsequent communications, that "the **debt collector** is attempting to collect a debt and that any information obtained will be used for that purpose."  15 U.S.C. § 1692e(11) (emphasis added).  Counts XI thru XV allege a violation of 15 U.S.C. 1692g(b), which requires a **debt collector** to cease collection of a debt if a consumer notifies it within thirty days that the debt is disputed "until the **debt collector** obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector."  15 U.S.C. § 1692g(b) (emphasis added).  Thus, for any of Mr. Sartori's claims against the Sunwest Defendants—or against Tim Steider as an alleged "director of Sunwest Trust"—to succeed, Sunwest Trust must be a debt collector under the FDCPA.

The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  The FDCPA expressly

---

Sunwest Trust" are predicated on alleging sufficient facts to establish that Sunwest Trust is a debt collector.

excludes from the definition of a "debt collector" "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement."  15 U.S.C. § 1692a(6)(F)(i); *see also* S. Rep. No. 95-382, at 3–4, 1977 U.S.C.C.A.N. 1695, 1698 ("[T]he committee does not intend the definition to cover the activities of trust departments, escrow companies, or other bona fide fiduciaries. . . .").

The Sunwest Defendants argue that they fit the "escrow arrangement" exclusion, thereby rendering Sunwest Trust outside the FDCPA's definition of a debt collector and immune to FDCPA action.  Doc. 16 at 6.[5]  In support of this, the Sunwest Defendants reference the May 20, 2015 letter, which forms the basis of Mr. Sartori's claims.  Mr. Sartori did not attach the May 20, 2015 letter he received from Sunwest Trust to his complaint.  However, the Court considers this letter without converting the motion for judgment on the pleadings into a motion for summary judgment because Mr. Sartori refers to the document in his complaint, Doc. 5 at 5–6, and it is central to his claims.  *See Alvarado*, 493 F.3d at 1215.  In addition, Mr. Sartori does not challenge the authenticity of the letter.  *Id.*; *see also* Doc. 35.

The May 20, 2015 letter from Sunwest Trust to Mr. Sartori stated that Sunwest Trust is an "escrow servicer."  Doc. 10 at 29, Exh. D.  The letter advised Mr. Sartori that Sunwest Trust had received the original real estate contract, warranty deed, and special warranty deed "into escrow."  *Id.*  The letter referenced an enclosed "Escrow Servicing Policy Statement," which "clarifie[d] the terms and conditions under which [Sunwest Trust] agree[d] to administer" the real estate contract.  *Id.*  The letter also gave Mr. Sartori instructions about how to access his

---

[5] The Sunwest Defendants also argue that the May 20, 2015 letter is not an attempt to collect a debt.  Because I find that Sunwest Trust is an escrow company, rather than a debt collector, I do not reach the issue of whether or not the letter constitutes an attempt to collect a debt.

"escrow account." *Id*. The plain language of the letter does not support Mr. Sartori's conclusory allegation that the Sunwest Trust is a "debt collector" under the FDCPA. Instead, the letter clearly shows that Sunwest Trust is acting as an escrow servicer, and that any collection activities are "incidental to a . . . bona fide escrow arrangement." *See* 15 U.S.C. § 1692a(6)(F)(i). The amended complaint therefore fails to allege sufficient facts to establish that Sunwest Trust, or any of the individual Sunwest Defendants, are debt collectors subject to the FDCPA.

Mr. Sartori's arguments that Sunwest Trust falls under the FDCPA's definition of a debt collector are without merit. Mr. Sartori argues that the Sunwest Defendants are not exempt from the definition of "debt collectors" under the FDCPA because they are not the "original servicer on the account," and they did not "obtain the alleged debt prior to default." Doc. 35 at 5. However, as the Sunwest Defendants point out, Mr. Sartori conflates the various exemptions set out in 15 U.S.C. § 1692a(6)(F). Doc. 37 at 3. The FDCPA exempts **all** of the following from the term "debt collector":

> any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; **or** (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

15 U.S.C. § 1692a(6)(F) (emphasis added). The Sunwest Defendants need only qualify for one of the exemptions to fall outside of the statute's definition of a "debt collector." *See Davis v. United Student Aid Funds, Inc.*, 45 F. Supp. 2d 1104, 1107–09 (D. Kan. 1998) (guaranty agency that becomes "holder" of student loan note is a trustee and owes fiduciary duty to Secretary of Education; thus, the agency's collection activities are "incidental to a bona fide fiduciary

8

obligation" and are exempt from "debt collector" category under 15 U.S.C. § 1692a(6)(F)(i); *Fisher v. Congress Title*, Civ. No. 06-1607, 2007 WL 77333, at *2 (D.N.J. 2007) (unpublished) ("Congress specifically exempted escrow agents from the purview of the FDCPA" under 15 U.S.C. §1692a(6)(F)(i).). The Sunwest Defendants assert that, as an escrow servicer, they qualify for an exemption under 15 U.S.C. § 1692a(6)(F)(i). I agree. Mr. Sartori pleads no set of facts, and proffers no argument showing that the Sunwest Defendants do not fall under this exemption.

Instead, Mr. Sartori argues that the Sunwest Defendants do not qualify for an exemption under 15 U.S.C. § 692a(6)(F)(iii). *See* Doc. 35 at 5 ("The Sunwest Defendants choose to ignore 15 U.S.C. § 1692a(6)(F)(iii) which imposes liability on those who obtain accounts subsequent to a default."). Whether the account was in default at the time Sunwest Trust became the escrow servicer is irrelevant to the claimed exemption under 15 U.S.C. § 1692a(6)(F)(i). Because Sunwest Trust does not claim it is exempt under 1692a(6)(F)(iii), the cases Mr. Sartori cites discussing this exemption are not on point. *See, e.g., Perry v. Stewart Title Co.*, 756 F.2d 1197 (5th Cir. 1985) (discussing exemption currently codified at 15 U.S.C. § 1692a(6)(F)(iii)); *Kizer v. Finance America Credit Corp.,* 454 F. Supp. 937 (N.D. Miss. 1978) (same); *Schlosser v. Fairbanks Capital Corp.,* 323 F.3d 534 (7th Cir. 2003) (same).

Because Sunwest Trust is an escrow company, not a debt collector under the FDCPA, it is not subject to the FDCPA's requirements to notify the consumer that it is a debt collector, to inform the consumer that he or she has 30 days to contest a debt, or to stop collection efforts once a request for validation has been submitted. Thus, all of Mr. Sartori's claims against the Sunwest Defendants must fail. I recommend that the Court grant the Motion for Judgment on the Pleadings for Counts I thru XV.

Mr. Sartori argues that even if the Sunwest Defendants are exempt from FDCPA liability under 15 U.S.C. § 1692a(6)(F)(i), the collection activities of Steider and Associates brings Sunwest Trust back into the reach of FDCPA liability.  I cannot agree.  Mr. Sartori's argument that if Sunwest Trust is not a debt collector under the FDCPA, then it must be a creditor,[6] Doc. 35 at 8, is a false dichotomy.  Sunwest Trust is neither a debt collector nor a creditor, but is an escrow company expressly exempt from the provisions of the FDCPA.  Because Sunwest Trust is neither a debt collector nor a creditor, Mr. Sartori's arguments that Sunwest Trust engaged in "ongoing collection activity" through the actions of Tim Steider and Steider and Associates, Doc. 35 at 9–10, is not facially plausible.  Mr. Sartori's contention that the Steider Defendants admitted in their answer that "Tim Steider, in his capacity as a director of Sunwest Trust, Inc." is a debt collector under the FDCPA, Doc. 35 at 2, is not true.[7]  Mr. Sartori pleads no set of plausible facts to show that Sunwest Trust engaged Steider and Associates to "collect" on its behalf under a false name.  Mr. Sartori's conclusory allegations are not enough to survive the motion for judgment on the pleadings, as he fails to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (internal citation omitted).  Finally, because Sunwest Trust is not a debt collector

---

[6] The FDCPA defines a "creditor" as "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4).

[7] Tim Steider did admit that he was a debt collector. *See* Doc. 5 ¶ 23; Doc. 11 ¶ 23.  However, he never admitted that he was a debt collector "in his capacity as a director of Sunwest Trust, Inc." as Mr. Sartori alleges. *See* Doc. 35 at 2.  Tim Steider admitted in his answer that he was "an advisor on the board of advisors of Sunwest Trust," Doc. 11 ¶ 16, but denied the allegation that he was a debt collector "engaged, as a director of SUNWEST TRUST, INC., in the business of attempting to collect an alleged 'debt' from Plaintiff, as defined by 15 U.S.C. § 1692a(5)." *Id.*, *see also* Doc. 5 ¶ 16.

under the FDCPA, neither Sunwest Trust nor the individual Sunwest Defendants are required to "stop collecting" after receiving a request for validation.

## IV.   Conclusion

I recommend that the Court GRANT defendants Sunwest Trust, Inc., Terry White, Molly Bency, and Fred Hermann's Motion for Judgment on the Pleadings (Doc. 16) and dismiss Counts I thru XV of Mr. Sartori's First Amended Complaint (Doc. 5).

If the Court grants the Motion for Judgment on the Pleadings (Doc. 16), I further recommend that the Court DENY as moot plaintiff Robert F. Sartori's Motion to Strike the Affirmative Defenses of Sunwest Trust, Inc., Terry White, Molly Bency and Fred Hermann (Doc. 22).

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(C).  A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.

_____
Laura Fashing
United States Magistrate Judge