IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT F. SARTORI,

    Plaintiff,

v.                                                                                          1:15-cv-00991-JCH-LF

STEIDER & ASSOCIATES,
P.C., TIMOTHY D. STEIDER,
SUNWEST TRUST, INC., TERRY
WHITE, MOLLY BENCY, FRED
HERMANN, TIM STEIDER,

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION ON PLAINTIFF'S MOTION TO STRIKE THE AFFIRMATIVE DEFENSES OF STEIDER & ASSOCIATES, P.C., TIMOTHY D. STEIDER, AND TIM STEIDER**

THIS MATTER is before the Court on plaintiff Robert F. Sartori's Motion to Strike the Affirmative Defenses of Steider & Associates, P.C., Timothy D. Steider, and Tim Steider (Doc. 29). Defendants oppose the motion. Doc. 33. Having reviewed the relevant briefing, including plaintiff's reply (Doc. 40), and being otherwise fully advised, I recommend that the Court DENY the motion.

Mr. Sartori asks the Court to strike the affirmative defenses of Steider & Associates, P.C., Timothy D. Steider, and Tim Steider ("Steider Defendants") on the basis that the defenses are "irrelevant, immaterial, and legally invalid, and cannot be applied to the claims in this action." Doc. 29 at 1.

Motions to strike are governed by Federal Rule of Civil Procedure 12(f), which states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of Rule 12(f) is "to minimize delay, prejudice, and confusion by narrowing the issues for discovery and trial." *Hayne v. Green Ford Sales, Inc.*,

263 F.R.D. 647, 649 (D. Kan. 2009).  Motions to strike are disfavored, generally considered "time wasters," and should be denied "unless the challenged allegations have no possible or logical connection to the subject matter of the controversy. . . ."  *Skyline Potato Co. v. Hi-Land Potato Co.*, 2012 WL 6846386, at *5 (D.N.M. Dec. 31, 2012) (quoting 5C Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE & PROC. § 1382, at 433–36 (3d ed. 2004)) (ellipses in original); *see also Lane v. Page*, 272 F.R.D. 581, 587 (D.N.M. 2011).  The decision to grant or deny a motion to strike is within the sound discretion of the Court.  *Scherer v. U.S., Dep't of Educ.*, 78 F. App'x 687, 689 (10th Cir. 2003).

Mr. Sartori's assertions that the affirmative defenses are not detailed enough are without merit.  This District does not require factual specificity in affirmative defenses, and has declined to extend the heightened pleading standard of *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) to affirmative defenses.  *See Lane,* 272 F.R.D. at 588.  Instead, this Court only will strike a defense if its "legal insufficiency [is] clearly apparent" and "[t]he Court [is] convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed."  *Friends of Santa Fe Cty. v. LAC Minerals, Inc.*, 892 F. Supp. 1333, 1343 (D.N.M. 1995) (unpublished) (internal citation and quotation omitted).

The Steider Defendants raise the following affirmative defenses in their answer:  1) Mr. Sartori's loss was caused by his own acts and omissions; 2) Mr. Sartori's loss was caused by the acts and omissions of persons other than the Steider Defendants; 3) Mr. Sartori failed to mitigate his damages; 4) Mr. Sartori seeks damages and relief that are not recoverable under the Fair Debt Collections Practice Act ("FDCPA'); 5) Mr. Steider and the Steider Defendants are not liable under the FDCPA for Mr. Steider's acts or omissions connected to Sunwest Trust because

Sunwest Trust is an escrow company, which is exempt from the FDCPA; 6) any conduct that caused any alleged damages was the result of an innocent mistake or bona fide error nothwithstanding reasonable procedures implemented by the Steider Defendants; 7) Mr. Sartori has not suffered any damages; 8) the Steider Defendants were not the legal cause of any alleged damage; 9) third parties caused the alleged damages; 10) Mr. Sartori's claims are barred by doctrines of laches, estoppel, and/or unclean hands; 11) Mr. Sartori's complaint fails to state a claim upon which relief can be granted; 12) the Steider Defendants did not act willfully, wantonly, maliciously, recklessly, oppressively, or fraudulently, and cannot be held liable for punitive damages.  Doc. 11 at 22–23.

In his motion to strike, Mr. Sartori erroneously claims that "[s]ince the FDCPA is a federal statutory cause of action, the defenses are limited to those set out in the statute itself." Doc. 29 at 3.[1]  Mr. Sartori makes much of the fact that the FDCPA is a strict liability statute. Doc. 29 at 4, 7, 8.  It is not clear, however, that he understands what strict liability is.  The fact that the FDCPA is a strict liability statute simply means that one does not need to act knowingly or intentionally to violate the statute.  *Weintraub v. Law Office of Patenaude & Felix, A.P.C.*, 299 F.R.D. 661, 667 (S.D. Cal. 2014) (citing *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1175 (9th Cir. 2006)).  However, intent is still relevant to the determination of damages.  *See* 15 U.S.C. § 1692k(b)(1) (instructing Courts, in determining amount of damages in a FDCPA case, to consider "the extent to which such noncompliance was intentional"); 15

---

[1] The cases Mr. Satori cites is support of this statement do not support this broad proposition. *See* Doc. 29 at 3.  Instead, *Howlett v. Rose*, 496 US 356, 375 (1990) merely states that "[t]he elements of, and defenses to, a federal cause of action are defined by federal law."  And Mr. Sartori's other case, *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 231–32 (4th Cir. 2007), merely states that common law immunity did not survive the creation of the FDCPA.

U.S.C. § 1692k(c) (instructing courts to consider if "violation was not intentional"); *see also Clark*, 460 F.3d at 1176.

While the Tenth Circuit has not ruled definitively that the FDCPA is a strict liability statute, it is true that "courts generally treat the FDCPA as a strict liability statute, despite the bona fide error exception." *Soren v. Equable Ascent Fin., LLC*, 2012 WL 2317362, at *2 (D. Utah June 18, 2012) (unpublished) (citing *Billsie v. Brooksbank*, 525 F. Supp. 2d 1290, 1293 (D.N.M. 2007)). Strict liability means that a plaintiff who can prove a violation of the FDCPA is entitled to statutory damages of up to $1000, "irrespective of the ability to prove actual damages." *Soren,* 2012 WL 2317362, at *2. However, "a defendant is not strictly liable for actual damages [and] a plaintiff who does not plead or prove any specific loss will not recover actual damages under the FDCPA." *Id.* In addition to proving specific loss, a FDCPA plaintiff must also prove that the defendant caused his loss in order to recover actual damages. *See McDermott v. Marcus, Errico, Emmer & Brooks, P.C.*, 911 F. Supp. 2d 1, 72 (D. Mass. 2012) (citing 15 U.S.C. § 1692k(a)(1) ("A causal connection is required with respect to an award of actual damages.")).

In each of the 53 counts in his first amended complaint, Mr. Sartori asks for "actual and statutory damages, punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. § 1692k." Doc. 5 at 18–50. Because he is seeking actual damages and punitive damages, all of the Steider Defendants' affirmative defenses dealing with actual and punitive damages (affirmative defenses 1, 2, 3, 4, 7, 8, 9, 12) are relevant.[2] The Steider Defendants defenses regarding damages all speak to the amount of the specific loss Mr. Sartori alleges he suffered, and to whether the

---

[2] Mr. Sartori admits that failure to mitigate (affirmative defense 3) is an affirmative defense to actual damages. Doc. 29 at 5.

4

Steider Defendants caused the alleged loss. Therefore, I find these defenses relevant, material, and valid. I do not recommend that the Court strike these defenses.

Mr. Sartori's request to strike the Steider Defendants' 5th affirmative defense is moot. I already have determined that this defense is valid, and have recommended that the claims based on the actions of Sunwest Trust be dismissed. *See* PF&RD on the Sunwest Defendants' Motion for Judgment on the Pleadings (Doc. 50).

Mr. Sartori claims that the Steider Defendants' 6th affirmative defense is irrelevant because the statute defendants cite—15 U.S.C. § 1692k(c)—only applies to class actions, and is therefore inapplicable. Doc. 29 at 7. This is simply incorrect. Section 1692k(c) states that

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. § 1692k(c). Mr. Sartori admits elsewhere in his motion that the bona fide error defense is an affirmative defense under the FDCPA. *See* Doc. 29 at 4.[3] I therefore recommend the Court deny his motion to strike this defense.

---

[3] Mr. Sartori's references to 15 U.S.C. § 1692k(c)–(e) have the wrong defense listed with each statutory section. Doc. 29 at 4. Subsections (c) thru (e) state:

> (c) **Intent**
> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.
> (d) **Jurisdiction**
> An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.
> (e) **Advisory opinions of Bureau**
> No provision of this section imposing any liability shall apply to any act done or omitted in good faith in conformity with any advisory opinion of the Bureau, notwithstanding that after such act or omission has occurred, such opinion is

Mr. Sartori's request to strike the Steider Defendants' 10th affirmative defense states that the defenses of "laches, estoppel, and/or unclean hands" are not defenses which are available under the FDCPA. Doc. 29 at 8. However, this argument appears to be based on his erroneous claim that there are only three defenses available in a FDCPA case. I therefore recommend that the Court deny his request to strike this defense.

Mr. Sartori's request to strike the Steider Defendants' 11th affirmative defense claims that the defense is a "negative defense," rather than an affirmative defense. Doc. 29 at 8. He does not elaborate further on this argument. I decline to supply arguments Mr. Sartori did not make, and I find no reason to strike this defense. *See Wells v. Hi-Country Auto Group*, 982 F. Supp. 2d 1261 at 1267 (D.N.M. 2013) (exercising discretion and declining to strike defendant's affirmative defenses even though they may have been more properly characterized as "negative defenses").

## Conclusion

Dismissing the affirmative defenses will not further the goal of minimizing delay, prejudice, and confusion and will not narrow the issues for discovery or trial. In addition, the affirmative defenses are relevant, material, and valid. I therefore recommend that the Court

---

    amended, rescinded, or determined by judicial or other authority to be invalid for any reason.

15 U.S.C. § 1692k(c)–(e).

DENY plaintiff Robert F. Sartori's Motion to Strike the Affirmative Defenses of Steider & Associates, P.C., Timothy D. Steider, and Tim Steider (Doc. 29).

> THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(C). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

_____
Laura Fashing
United States Magistrate Judge