IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEWMEXICO

ROBERT F. SARTORI,

    Plaintiff,

v.                                                        1:15-cv-00991-JCH-LF

STEIDER & ASSOCIATES, P.C.,TIMOTHY
D. STEIDER, SUNWEST TRUST, INC.,
TERRY WHITE, MOLLY BENCY, FRED
HERMANN, TIM STEIDER,

    Defendants.

## ORDER

THIS MATTER is before the Court on plaintiff's Motion to Reconsider the Court's Order Granting Sunwest Defendants' Motion for Judgment on the Pleadings (Doc. 58), filed March 9, 2017.[1] Defendants Sunwest Trust, Inc., Terry White, Molly Bency and Fred Hermann ("Sunwest defendants") filed a response (Doc. 60), and plaintiff filed a reply (Doc. 61). The Court, having carefully considered the motion, briefing, and relevant law, and being otherwise fully informed, finds that Plaintiff's motion to reconsider is not well taken and should be DENIED.

Mr. Sartori asks the Court to reconsider its order adopting the magistrate judge's Proposed Findings and Recommended Disposition ("PF&RD") (Doc. 52). The order adopting the PF&RD granted the Sunwest defendants' Motion for Judgment on the Pleadings (Doc. 16). Doc. 52 at 1. The Court issued its order on February 8, 2017—20 days after the magistrate judge entered the PF&RD. *See* Doc. 50. The PF&RD advised Mr. Sartori that he had fourteen days to file objections, and that his failure to do so would preclude appellate review. Doc. 50 at 11.

---

[1] Mr. Sartori failed to comply with the local rules. A "[m]ovant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied." D.N.M.LR-Civ. 7.1(a). Mr. Sartori merely states that he "assumes this Motion will be opposed." Doc. 58 at 2. Despite Mr. Sartori's failure to comply with the rules, the Court will decide the motion on the merits.

Despite this clear warning, Mr. Sartori did not mail his objections to the PF&RD until February 8, 2017, Doc. 54 at 5, and the Court received and docketed the objections on February 13, 2017, Doc. 54 at 1.  On March 8, 2017, the Court issued an Order Overruling Plaintiff's Untimely Objections.  Doc. 56.

Mr. Sartori attempts to bring his motion to reconsider pursuant to FED. R. CIV. P. 59(e) or 60(b).  *See* Doc. 58 at 1.  Technically, the Federal Rules of Civil Procedure do not recognize a motion to reconsider.  *See Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  However, Rule 54(b) grants a district court the discretion to revise interlocutory orders at any time prior to entry of a final judgment.  *See Riggs v. Scrivner, Inc.*, 927 F.2d 1146, 1148 (10th Cir. 1991).  When evaluating whether to reconsider an interlocutory order pursuant to Rule 54(b), courts apply the same legal standard as used for a motion to alter or amend a judgment under Rule 59(e).  *See Tomlinson v. Combined Underwriters Life Ins. Co.*, 684 F. Supp. 2d 1296, 1299 (N.D. Okla. 2010); *Sump v. Fingerhut, Inc.*, 208 F.R.D. 324, 326–27 (D. Kan. 2002).

Under Rule 59(e), a motion to reconsider is warranted in the event of "(1) an intervening change in controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion to reconsider is also "appropriate where the court has misapprehended the facts, a party's position, or the controlling law."  *Id.*  However, a motion to reconsider "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in a prior briefing."  *Id.*  And "[a] motion to reconsider is "not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."

2

*Voelkel v. General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. Dec. 21, 1994) (table).

Mr. Sartori does not argue that there has been an intervening change in controlling law, nor does he argue that there is new evidence which was previously unavailable. The bulk of Mr. Sartori's motion rehashes arguments already addressed by the magistrate judge. The Court will not revisit those arguments. In addition, the Court will not entertain Mr. Sartori's collateral estoppel argument, raised for the first time in his motion to reconsider, as there is no reason he could not have raised this argument in his response to the Motion for Judgment on the Pleadings (Doc. 35). Finally, Mr. Sartori fails to show clear error or manifest injustice. Having reviewed the PF&RD, the Court is not convinced that the magistrate judge misapprehended the facts, any party's position, or the controlling law.

In the alternative, Mr. Sartori requests leave to amend his complaint. Doc. 59 at 16. Mr. Sartori did not follow the proper procedures to amend. *See* Fed. R. Civ. P. 15(a)(2), D.N.M.LR-Civ. 7.1(a), D.N.M.LR-Civ. 15.1(a) ("A proposed amendment to a pleading must accompany the motion to amend.") Therefore, the Court will deny the request to amend.

Mr. Sartori's Motion to Reconsider is DENIED. The Court also DENIES Mr. Sartori's request for leave to amend his complaint.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE