IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEWMEXICO

ROBERT F. SARTORI,

    Plaintiff,

v.                                                                                1:15-cv-00991-JCH-LF

STEIDER & ASSOCIATES, P.C.,
And TIMOTHY D. STEIDER

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on its Order to Show Cause. Doc. 64. The Honorable Judith C. Herrera referred this case to me pursuant to 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990), to recommend to the Court an ultimate disposition. Doc. 27. Due to Mr. Sartori's repeated failure to follow the Court's orders, I recommend that his case be dismissed with prejudice.

Mr. Sartori failed to comply with this Court's initial scheduling order by failing to submit the Joint Status Report and Provisional Discovery Plan by April 11, 2017, and by failing to attend the Rule 16 Scheduling Conference on April 18, 2017. *See* Docs. 57, 63. The evidence of record shows that Mr. Sartori received the Initial Scheduling Order, and that he discussed it with defendants' counsel Charles S. Parnall. *See* Doc. 57 Notice of Electronic Filing (showing that the Initial Scheduling Order was mailed to Mr. Sartori's address of record); *see also* Doc. 63. At the scheduling conference, the Court attempted to call Mr. Sartori at his phone number of record but reached a recorded message stating that Mr. Sartori was unable to accept calls at that number. Doc. 63. Mr. Parnall represented that he had been in contact with Mr. Sartori by telephone and email and that they had agreed on a joint status report, but that Mr. Sartori asked Mr. Parnall to file the report, which Mr. Parnall declined to do. *Id.*

I issued an order to show cause on April 18, 2017. Doc. 64. The order to show cause ordered Mr. Sartori to file a written explanation with the Court no later than May 2, 2017, explaining why he should not be sanctioned for failing to submit the Joint Status Report and Provisional Discovery Plan and failing to attend the Rule 16 Scheduling Conference. *Id.* The order to show cause warned Mr. Sartori that failure to comply with the order could result in dismissal of his complaint without further warning. Doc. 64 at 1.

Mr. Sartori's pro se status does not excuse his failure to follow the rules and orders of the Court. Although the Court will liberally construe a pro se plaintiff's filings and hold him to less stringent standards than that of a lawyer, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), this district has long insisted that a pro se parties follow the same rules of civil procedure as any other litigant, *see Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Federal Rule of Civil Procedure 16(f) authorizes the Court to impose sanctions for failure to appear at a scheduling conference and for failure to obey any pretrial order:

> (1) In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or (C) fails to obey a scheduling or other pretrial order.

Rule 37 specifically authorizes the Court to dismiss the action as a sanction. FED. R. CIV. P. 37(b)(2)(A)(v).

Mr. Sartori failed to file the Joint Status Report and Provisional Discovery Plan, failed to participate in the Rule 16 Scheduling Conference, and failed to respond to the order to show cause. I therefore recommend that the Court dismiss Mr. Sartori's complaint with prejudice.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
Laura Fashing
United States Magistrate Judge