IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEWMEXICO

ROBERT F. SARTORI,

    Plaintiff,

v.                                                1:15-cv-00991-JCH-LF

STEIDER & ASSOCIATES, P.C.,
and TIMOTHY D. STEIDER,

    Defendants.

## **ORDER ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on the magistrate judge's Proposed Findings and Recommended Disposition ("PF&RD"), filed on May 9, 2017. Doc. 67. Plaintiff Robert Sartori timely filed objections to the PF&RD on May 22, 2017. Doc. 73. Having reviewed the submissions of the parties and the relevant law, the Court overrules the objections and adopts the PF&RD.

The magistrate judge issued an Order to Show Cause on April 18, 2017, ordering plaintiff to file a written explanation showing good cause for his failure to file the Joint Status Report, and his failure to attend the Rule 16 Initial Scheduling Conference on April 18, 2017. Doc. 64. The order warned Mr. Sartori that failure to respond by the May 2, 2017 deadline could result in dismissal of his complaint without further warning. *Id.* at 1. Mr. Sartori did not timely respond to the order to show cause, prompting the magistrate judge, on May 9, 2017, to issue a PF&RD recommending dismissal of the case. Doc. 67. Mr. Sartori filed his untimely response to the order to show cause on May 22, 2017. Doc. 74.

In his response to the order to show cause, Mr. Sartori claims that he did not timely receive the Initial Scheduling Order issued on March 9, 2017 (Doc. 57), or the Order to Show Cause issued on April 18, 2017 (Doc. 64) due to a "mail mishap" in which he did not discover a

"misplaced bag of [his] mail" until May 10, 2017. Doc. 74 at 1. Mr. Sartori further asserts that he had "no idea" that the Court intended to set a second scheduling conference, or that it had, indeed, been set. *Id*. at 1–2.[1]

**Legal Standard**

Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). A dismissal under Rule 41(b), except for lack of jurisdiction, improper venue, or failure to join a party, "operates as an adjudication on the merits," and thus, a dismissal with prejudice. *Id*.; *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).

Federal Rule of Civil Procedure 16(f) authorizes the Court to impose sanctions for failure to appear at a scheduling conference and for failure to obey any pretrial order:

> (1) In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or (C) fails to obey a scheduling or other pretrial order.

Rule 37 specifically authorizes the Court to dismiss the action as a sanction. FED. R. CIV. P. 37(b)(2)(A)(v).

---

[1] In its June 30, 2016 Order Extending Stay on Discovery, the Court advised plaintiff that it would set a status conference and issue a scheduling order after the Motion for Judgment on the Pleadings (Doc. 16) was decided. Doc. 45 at 1. Thus, plaintiff should have expected the Court to set another conference.

Before dismissing a lawsuit for discovery violations or for failure to prosecute, the district court ordinarily considers what are known as the *Ehrenhaus* factors. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992); *Nasious*, 492 F.3d at 1162, 1163. The non-exhaustive *Ehrenhaus* factors include: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus*, 965 F.2d at 921 (citations and internal quotations omitted).

These five factors "do not represent a rigid test" that a district court must always apply. *Id.* "The *Ehrenhaus* factors are simply a non-exclusive list of sometimes-helpful 'criteria' or guide posts the district court may wish to 'consider' in the exercise of what must always remain a discretionary function." *Lee v. Max Intern., LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011) (quoting *Ehrenhaus*, 965 F.2d at 921). However, because of the harshness of a dismissal, due process requires that the "violations be predicated upon willfulness, bad faith, or [some] fault of petitioner rather than inability to comply." *Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.*, 70 F.3d 1172, 1174 (10th Cir. 1995) (internal citations and quotations omitted).

## Discussion

The Court will address the *Ehrenhaus* factors in deciding whether to dismiss plaintiff's lawsuit based on plaintiff's failure to follow the Court's orders.

1. **Actual Prejudice to Defendants**

Defendants Steider & Associates, P.C. and Timothy Steider ("defendants") prepared for and attended the Rule 16 Scheduling Conference held on April 18, 2017. Defendants also expended time and money to prepare a statement of opposition to Plaintiff's Motion for Leave to File Late Joint Status Report (Doc. 76), and to file an Opposition to Plaintiff's Response to the

3

Court's Order to Show Cause (Doc. 77). Plaintiff has prejudiced defendants by unnecessarily delaying the prosecution of his case, and causing defendants to expend unnecessary time and money. *Ehrenhaus*, 965 F.2d at 921 (concluding that district court did not abuse its discretion in finding that plaintiff's misconduct "prejudiced the defendants by causing delay and mounting attorney's fees"). This factor weighs in favor of dismissal.

2. **Interference with the Judicial Process**

The magistrate judge in this case issued several orders with which plaintiff did not comply. On March 9, 2017, the magistrate judge issued an Initial Scheduling Order ordering plaintiff to file a Joint Status Report and Provisional Discovery Plan no later than April 11, 2017, and setting a Rule 16 Scheduling Conference on April 18, 2017. Doc. 57. Plaintiff did not file the Joint Status Report and Provisional Discovery Plan by April 11, 2017, and failed to attend the Rule 16 Scheduling Conference on April 18, 2017. *See* Doc. 63. On April 18, 2017, the magistrate judge issued an Order to Show Cause (Doc. 64), to which plaintiff did not timely reply. On May 9, 2017, the magistrate judge issued a PF&RD recommending that I dismiss this case with prejudice. Doc. 67. Plaintiff did not respond to any of the magistrate judge's orders until May 22, 2017, when he filed objections to the PF&RD (Doc. 73), an untimely Response to the Order to Show Cause (Doc. 74), and a Motion for Leave to File Late Joint Status Report (Doc. 71). The Court finds that plaintiff's actions have interfered with the judicial process by multiplying the Court's work, and unnecessarily delaying this litigation. This factor also weighs in favor of dismissal

3. **Culpability of the Litigant**

Plaintiff states that all of his failures to comply with the Court's orders were due to a "mail mishap" and that "they all stem from a single misplaced bag of mail." Doc. 73 at 1. Plaintiff states that his only mailing address is a post office box, that he is often away from home

4

for extended periods, and that his "mail is picked up at the post office sporadically by [himself] or others." *Id*. at 1 n.1. Plaintiff states that on May 10, 2017, he discovered a bag of mail he had misplaced, which contained the March 9, 2017 Initial Scheduling Order (Doc. 57), the March 9, 2017 Order Denying Plaintiff's Motion to Reconsider (Doc. 58), and the April 18, 2017 Order to Show Cause (Doc 64). Doc. 74 at 1.

Defendants argue that plaintiff's "bag of mail" story is not credible. Doc. 77 at 2. They further argue that plaintiff's "[f]ailing to check his own mailbox is not good cause." *Id.* at 3. I agree on both counts. Plaintiff asserts that he only discovered the Initial Scheduling Order (Doc. 57) in "a misplaced bag of mail" on May 10, 2017, Doc. 74 at 1, yet a month earlier he emailed defendants' attorney about their joint status report in response to that order, *see* Doc. 77-1 at 1.[2] Even if he were not lying about his receipt of the Initial Scheduling Order, plaintiff's failure to check his mail regularly, and his failure to respond to the Court's orders for nearly two months, demonstrates "fault of petitioner rather than inability to comply." *Archibeque*, 70 F.3d at 1174. Plaintiff's failure to ensure that he received and reviewed his mail in a timely fashion does not excuse his failure to comply with the Court's orders and deadlines. Plaintiff filed this action and opted to receive notifications about his case through the United States mail at his post office box. Plaintiff's admission that he only "sporadically" checked his mail, and that he lost a bag containing approximately two months' worth of mail, shows a willful disregard for the

---

[2] The Initial Scheduling Order (ISO) (Doc. 57) ordered the parties to meet and confer no later than April 4, 2017, and to submit the JSR no later than April 11, 2017. Doc. 57. That same order set a Rule 16 conference on April 18, 2017. *Id.* at 2. While it is unclear which party initiated the "meet and confer" process, it is clear that plaintiff participated in preparing the JSR. Docs. 77-1, 77-2 at 1. The Court does not find it credible that plaintiff, without any knowledge of the Court's ISO, participated in the meet and confer process and drafted a JSR. In addition, plaintiff appeared to know that he was required to file the JSR with the Court. *See* Doc. 77-1 ("I don't have the ability to print, sign, and post right now, so it will be a few days before I can get it filed."). Even if plaintiff did misplace two months of mail, his participation in the meet and confer process raised an affirmative duty for him to look into the status of his case.

5

prosecution of his case and for timely responding to the Court's orders. This factor weighs heavily in favor of dismissal.

### 4. Advance Warning of Dismissal

The magistrate judge's April 18, 2017 Order to Show Cause warned plaintiff that if he did not timely respond to the order, his case could be dismissed without further warning. Doc. 64. Plaintiff failed to timely respond to the order to show cause. This factor therefore weighs in favor of dismissal.

### 5. Efficacy of Lesser Sanctions

There are no lesser sanctions that would effectively correct plaintiff's failure to participate in the prosecution of his case. Plaintiff has filed three other lawsuits in this Court, and he has failed to timely respond to or comply with the Court's orders in all three. *See Sartori v. B.C. Services, Inc., et al*, No. 12cv149 MCA/WDS, Doc. 8 (D.N.M. April 11, 2012) (case dismissed due to plaintiff's failure to pay filing fees within ten days as ordered); *Sartori v. Susan C. Little & Assoc., P.A., et al*, No. 12cv515 JB/LFG, Doc. 196 at 2 (D.N.M. July 30, 2013) (noting that plaintiff failed to comply with Court's order to pay $2,000 in sanctions for discovery violations); *Sartori v. Garrison Law Firm, LLC, et al*, No. 17cv341 JCH/KK, Doc. 20 at 2 (D.N.M. Oct. 3, 2017) (noting that case was dismissed due to plaintiff's failure to timely prosecute his case). Plaintiff has used the excuse of "mailing errors" to explain his failure to timely respond in a previous case. *See Sartori v. Susan C. Little & Assoc., P.A., et al,* No. 12cv515 JB/LFG, Doc. 186 at 2 (in which plaintiff blamed his failure to file a response either on "a mailing error on the part of Plaintiff or a clerical error on the part of the Court"). The Court considered imposing a monetary sanction in plaintiff's current case, but, given that monetary sanctions have been unsuccessful in the past, the Court finds that monetary sanctions would not effectively correct plaintiff's failure to timely prosecute his case. *See Sartori v. Susan C. Little*

*& Assoc., P.A., et al,* No. 12cv515 JB/LFG, Docs. 184, 185, 196 at 2–3. Plaintiff has demonstrated a pattern of ignoring the Court's orders, failing to timely prosecute his cases, needlessly delaying the proceedings, and multiplying the work of the Court. *See id*., Doc. 196 at 3 (noting that plaintiff "misuses the system, increases costs of litigation, delays the proceeding, and requires unnecessary time and attention of the Court").

In the instant case, plaintiff failed to file the Joint Status Report and Provisional Discovery Plan, failed to attend the Rule 16 Initial Scheduling Conference, and failed to timely respond to the Order to Show Cause. Given plaintiff's pattern of failing to follow this Court's orders, dismissal of the lawsuit with prejudice is the only sanction that will satisfy the interests of justice. *See Ehrenhaus*, 965 F.2d at 918 ("It is within a court's discretion to dismiss a case if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice.")

Because the Court adopts the PF&RD (Doc. 67) and dismisses this case with prejudice, the Court denies as moot all pending motions in this case.

**IT IS THEREFORE ORDERED** that

1. Plaintiff's objections (Doc. 73) are OVERRULED and the magistrate judge's PF&RD (Doc. 67) is ADOPTED.

2. Plaintiff's Motion for Leave to File Late Joint Status Report (Doc. 71) is DENIED AS MOOT.

3. Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 72) is DENIED AS MOOT.

4. Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 79) is DENIED AS MOOT.

5. Plaintiff's Notice of Ineffective Service and Motion for Leave to File and Receive Notice Electronically (Doc. 81) is DENIED AS MOOT.

6. Plaintiff's Motion to Disqualify Magistrate for Cause (Doc. 89) is DENIED AS MOOT.

7. Plaintiff's Motion for Sanctions Against Steider Defendants and Counsel for Misrepresentations of Fact and Law (Doc. 95) is DENIED AS MOOT.

8. Plaintiff's Motion for Sanctions Against Sunwest Defendants and Counsel for Misrepresentations of Fact and Law (105) is DENIED AS MOOT.

9. This case is DISMISSED WITH PREJUDICE.

_____
UNITED STATES DISTRICT JUDGE